SILVERMAN, Circuit Judge,
concurring in part and dissenting in part:
The first thing you need to know about this case is who the plaintiffs are. They are not individuals who claim the right to keep and bear arms for self-defense or for other lawful purposes. Rather, they are entrepreneurs (and their supporters) who want to operate a gun shop in an area of Alameda County that is not zoned for that use.
The next thing you need to know is that there is no claim that, due to the zoning ordinance in question, individuals cannot lawfully buy guns in Alameda County. It is undisputed that they can. The record shows that there are at least ten gun stores already operating lawfully in Alame-da County.
When you clear away all the smoke, what we’re dealing with here is a mundane zoning dispute dressed up as a Second Amendment challenge.
The Supreme Court has held that the Second Amendment confers an individual right to keep and bear arms. District of Columbia v. Heller, 554 U.S. 570, 595, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). Even assuming for the sake of discussion that merchants who want to sell guns commercially have standing to assert the personal, individual rights of wholly hypothetical would-be buyers — a dubious assumption, in my opinion — the first amended complaint does not explain how Alameda County’s zoning ordinance, on its face or as applied, impairs any actual person’s individual right to bear arms, no matter what level of scrutiny is applied. Instead, the first amended complaint alleges that would-be buyers are entitled to the enhanced customer service experience that plaintiffs could provide. ■ Now, I like good customer service as much as the next guy, but it is not a constitutional right. What’s more, the Supreme Court specifically held in Heller that “nothing in our opinion should be taken to cast doubt on ... laws imposing conditions and qualifications on the commercial sale of arms.” Id. at 626-27,128 S.Ct. 2783.
Conspicuously missing from this lawsuit is any honest-to-God resident of Alameda County complaining that he or she cannot lawfully buy a gun nearby. The district court was right on target in dismissing the plaintiffs’ zoning case for failure to state a Second Amendment claim, because the district court correctly ruled that the ordinance restricting the location of a gun store is “quite literally a ‘law[] imposing conditions and qualifications on the commercial sale of arms....’” Therefore, I respectfully dissent from that portion of the majority’s opinion.[1]

. I agree with my colleagues that the district court correctly dismissed the equal protection claim, and I concur in the opinion to that extent.